70 F.3d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Johnathan M. WARBIS, Petitioner-Appellant,
v.
Kay WALTER, Respondent-Appellee.
 No. 95-35204.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 3, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jonathan M. Warbis, a Washington state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition alleging that prison officials erroneously found him guilty of several disciplinary infractions involving the trafficking of controlled substances within the prison. As a result of the guilty findings, Warbis was sanctioned with a loss of 540 days of good-time credit and ten days confinement in isolation. Warbis contends that the guilty findings were not supported by the evidence and that he did not understand his rights in connection with the prison disciplinary hearing. We have jurisdiction under 28 U.S.C. Secs. 1291 and 2253. We review de novo the district court's denial of Warbis's habeas petition, see Harris v. Vasquez, 949 F.2d 1497, 1510 (9th Cir.1990), cert. denied, 112 S.Ct. 1275 (1992), and we affirm.
 
 
 3
 A prison inmate must be afforded procedural protections before he can be deprived of a protected liberty interest in good-time credits. See Wolff v. McDonnell, 418 U.S. 539 (1974). Findings that result in the loss of liberty satisfy due process if "some evidence" exists which supports the decision of the disciplinary board. Superintendent v. Hill, 472 U.S. 445, 455 (1984); Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir.1987), cert. denied, 487 U.S. 1207 (1988). The standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Hill, 472 U.S. at 455. Instead, the relevant inquiry is "whether there was any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.
 
 
 4
 We have reviewed the record and conclude that there was "some evidence" to support the prison's determination of guilt at Warbis's disciplinary hearing. The evidence implicating Warbis included an infraction report written by prison officer Kelly Collins which stated that Linda Allen, a friend of Warbis had been removed from the penitentiary after refusing to comply with an order to open her mouth for a drug inspection. According to the infraction report, the prison subsequently intercepted two letters written by Allen and Warbis. The first letter, dated 10/16/90, was from Allen to Warbis and contained an admission that Allen had swallowed a balloon containing a controlled substance at the prison and that she had given one balloon to Warbis. The second letter, dated 10/23/90, was written from Warbis to Allen and stated that Warbis still wanted Allen to bring narcotics into the prison or give them to someone else who would do so. The letters themselves were not included as evidence either at the disciplinary hearing or before the district court.
 
 
 5
 At his disciplinary hearing, Warbis did not deny knowing Allen and admitted that he authored a letter on 10/23/90 addressed to her. At one point during the hearing, Warbis referring to the 10/16/90 letter written by Allen, asked officer Collins why he thought that there were drugs in the balloon that Allen had swallowed. Warbis hypothesized that the controlled substance in the balloon could have been ink for tattooing. In response, Collins referred to a line in the 10/23/90 letter written by Warbis to Allen in which Warbis apparently requested that Allen not to smoke the substance in the balloon. Collins then stated that "you can't smoke ink." Rather than denying that he had written the statement, Warbis stated that Collins's deduction was "probably good enough right there then," and that he "would let that go."
 
 
 6
 In addition to the information contained in the infraction report, the evidence against Warbis also included his guilty pleas to two other charges: (1) commission of a general infraction in a dangerous manner; and (2) attempting to commit or aiding another person to commit to commit a dangerous infraction. Allen was the only other person alleged to have been involved in both charged infractions.
 
 
 7
 Warbis contends that his guilty pleas to the two charges were invalid because he did not understand his rights at the disciplinary hearing. This contention is not supported by the record. First, as the district court noted, Warbis had been charged with six infractions and only pled guilty to two. He therefore must have understood that he could have pleaded not guilty to the two charges in question. Second, Warbis signed a waiver of 24-hour notice of the hearing which contained a list of inmate rights, including the right to request witness statement. The waiver indicates that Warbis was apprised of his rights in connection with the hearing.
 
 
 8
 Warbis contends that his waiver of the 24-hour notice of the hearing was invalid because prison officials had threatened to hold the hearing in his absence if he did not sign the waiver. Warbis failed to raise this issue before the district court, and therefore we refuse to consider it for the first time on appeal. See United States v. Childs, 944 F.2d 491, 495 (9th Cir.1991).[1]
 
 
 9
 Warbis contends that the district court failed to notify him that it would be treating defendant's response to his habeas corpus petition as motion for summary judgment, and that absent this notice, Warbis was unable to engage in sufficient discovery in support of his petition. Warbis's contention lacks merit. The district court in denying Warbis's petition for a writ of habeas corpus, properly abided by the Rules Governing Section 2254 Cases in the United States District Courts. Under Rule 6, a party must seek leave from the court before conducting discovery, and the determination of whether to grant leave is within the discretion of the District court. See Brewer v. Lewis, 989 F.2d 1021, 1026 n. 3 (9th Cir.1993). Here, Warbis did not make a showing that there was "good cause" for allowing discovery. See Habeas Rule 6(a). Accordingly, because the district court complied with the relevant Habeas Rules, we decline to remand this case to the district court so that Warbis can conduct discovery in support of his petition.
 
 
 10
 Finally, because Warbis failed to allege any facts that would entitle him to habeas relief, the district court did not abuse its discretion by denying Warbis's petition without an evidentiary hearing. See Swan v. Peterson, 6 F.3d 1373, 1384 (9th Cir.1993), cert. denied, 115 S.Ct. 479 (1994).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moreover, the transcripts indicate that at the hearing officials asked Warbis whether he had signed the 24-hour waiver so that the hearing could be held that day rather than being continued and that Warbis answered affirmatively. Accordingly, Warbis's contention that he was threatened with an in-abstentia hearing is not supported by the record